IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

BECKLEY DIVISION

| | |
|---|---|
| **COREY EASTERLING,** | ) |
| | ) |
| **Petitioner,** | ) |
| | ) |
| v. | )   Civil Action No. 5:08-0894 |
| | ) |
| **UNITED STATES OF AMERICA,** *et al.*, | ) |
| | ) |
| **Respondents.** | ) |

**PROPOSED FINDINGS AND RECOMMENDATION**

On July 3, 2008, Petitioner, acting *pro se*, filed an Application for Writ of *Habeas Corpus* by a Person in Federal Custody under 28 U.S.C. § 2241.[1] (Document No. 1.) In his Petition, Petitioner appears to allege that his rights under the Interstate Agreement on Detainers Act [IADA] were violated based upon the following: (1) the United States violated the "anti-shuttling" provision of Article IV;[2] and (2) the State of Michigan violated his right to a speedy trial pursuant to Article III.[3] (Id.) Specifically, Petitioner states "his Constitutional rights to Due Process have been violated in that the Government illegally took him into custody violating the terms and agreement of a properly filed IAD agreement, i.e., Interstate Agreement on Detainers." (Id., p. 3.) Petitioner states he is currently "serving

---

[1] Because Petitioner is acting *pro se*, the documents which he has filed in this case are held to a less stringent standard than if they were prepared by a lawyer and therefore, they are construed liberally. *See Haines v. Kerner*, 404 U.S. 519, 520-21, 92 S.Ct. 594, 30 L.Ed.2d 652 (1972).

[2] In the Fourth Circuit, violations of the "anti-shuttling" provisions of IADA are not remediable on *habeas* review. *See Bush v. Muncy*, 659 F.2d 402, 409 (4th Cir. 1981).

[3] Although it is unclear from Petitioner's Petition, the undersigned assumes Petitioner is challenging a detainer lodged by the State of Michigan. Article III of the IADA requires that trial must commence within 180-days of receipt by the prosecuting State of the prisoner's request for final disposition of the charges underlying the detainer. The burden, however, is on the detainee to establish that his request was properly filed. In the instant case, Petitioner does not allege that he requested the final disposition of the charges in the State of Michigan.

a Federal term of imprisonment of 55 months, with State of Michigan warrants from the IAD pending." (Id.) Petitioner explains he was arrested on September 27, 2005, in Beckley, West Virginia. (Id., p. 4.) Petitioner states that a NCIC check revealed he was wanted in Detroit, Michigan, as a fugitive from justice. (Id.) During West Virginia State Court proceedings, Petitioner waived his right to contest extradition. (Id.) On October 16, 2005, State of Michigan authorities allegedly took custody of Petitioner and transported him to Wayne County Jail, located in Detroit, Michigan. (Id., pp. 4 - 5.) On November 31, 2005, the U.S. Marshals Service [USMS] took Petitioner into custody. (Id., p. 5.) Petitioner explains he was returned to West Virginia due to his federal indictment for drug charges. (Id.) Petitioner states that on May 17, 2006, the Southern District of West Virginia sentenced him to 55-months concerning his drug charges. (Id.) Approximately two-weeks after his sentencing in federal court, Petitioner alleges that the USMS placed Petitioner "on the Marshals Service's plane, returning [him] to the federal holdover in Oklahoma, and then to the Wayne County Jail in Detroit, MI." (Id.) Petitioner complains that the USMS again took custody of him in early July, 2006, when he was transported to Milan Detention Center. (Id., pp. 5 - 6.) Subsequently, Petitioner was transferred from Milan Detention Center to the "the Federal holdover in Oklahoma." (Id., p. 6.) Petitioner claims he was transferred on July 31, 2006, from "the Federal holdover in Oklahoma" to FCI Cumberland, where he has remained. (Id.) Petitioner claims he "should have been returned to Michigan to face the pending charges, and then taken into Federal custody to complete his term of imprisonment imposed by this Court." (Id., p. 7.) Petitioner alleges that the foregoing has "not only enhanced [his] current term of imprisonment . . . by not allowing [him] a halfway house, raising his custody level, etc, but destroying any hope of a concurrent sentence." (Id.) Petitioner states he "is nearing the end of his term of imprisonment and is still facing pending charges in Michigan." (Id.) Petitioner further alleges his right to a speedy trial has been violated concerning his pending charges in the State of Michigan. (Id., pp.

2

9 - 11.) Accordingly, Petitioner requests that this Court "dismiss the State of Michigan's pending procedure with prejudice" or "Order Michigan proceedings concurrent to plaintiff's Federal proceedings." (Id., pp. 11 - 12.)

## FACTUAL AND PROCEDURAL HISTORY

Petitioner was charged in the Southern District of West Virginia in a three-count Indictment filed on November 7, 2005. (Criminal Action No. 5:05-0218, Document No. 1.) In Counts One and Two, Petitioner was charged with knowingly and intentionally distributing a quantity of cocaine base, also known as "crack," a Schedule II Controlled Substance, in violation of 21 U.S.C. § 841(a)(1). (Id.) In Count Three, Petitioner was charged with knowingly and intentionally possessing with the intent to distribute a quantity of cocaine base, also known as "crack," a Schedule II Controlled Substance, in violation of 21 U.S.C. § 841(a)(1). (Id.) The United States filed a Petition for Writ of *Habeas Corpus ad Prosequendum* for Petitioner's appearance at an initial appearance and arraignment on December 12, 2005, indicating that Petitioner was an unsentenced prisoner incarcerated in Wayne County Jail located in Detroit, Michigan. (Id., Document No. 12.) By Order entered November 22, 2005, the Court granted the Petition and issued the Writ of *Habeas Corpus ad Prosequendum*.[4] (Id.) On February 7, 2006, Petitioner pled guilty to Count One of the Indictment. (Id., Document Nos. 29 - 31.) On May 17, 2006, the District Court sentenced Petitioner to a 55-month term of imprisonment, to be followed by a three-year term of supervised release. Petitioner did not appeal his conviction or sentence.

On April 14 and May 30, 2008, Petitioner filed Motions for Retroactive Application of Sentencing Guidelines regarding his Crack Cocaine Offense. (Id., Document Nos. 47 and 48.) By

---

[4] The Ohio Department of Rehabilitation and Corrections' "Offender Search" indicates that Petitioner is currently incarcerated at Allen Correctional Institution serving a three-year sentence. His projected release date is August 31, 2012.

Order entered on June 13, 2008, the District Court designated Petitioner for standard consideration and directed the Federal Public Defender's Office to appoint counsel.[5] (Id., Document No. 49.) On June 16, 2008, the government filed its Response recommending a sentence within the revised guideline range. (Id., Document No. 50.) On July 11, 2008, Petitioner, by counsel, filed a "Memorandum of Defendant" requesting that the Court reduce Petitioner sentence to 40 months. (Id., Document No. 55.) By Memorandum Opinion and Judgment Order entered on July 18, 2008, the District Court granted Petitioner's motion for a sentence reduction under 18 U.S.C. § 3582(c)(2). (Id., Document No. 56.) The District Court reduced Petitioner's sentence to "a period of 41 months, with credit for time served to date." (Id.)

It appears that Petitioner was released from federal custody and began serving his term of supervised release on January 2, 2009. On January 3, 2009, following Petitioner's plea of guilty to unarmed robbery, the District Court for Wayne County, Michigan, imposed a maximum sentence of three years.[6] By Order entered on July 20, 2009, the Southern District of West Virginia transferred jurisdiction of Petitioner's supervised release to the United States District Court for the Eastern District of Michigan.[7] (Id., Document No. 58.) On September 30, 2009, United States Probation Officer Christina R. Wilkerson filed in the Eastern District of Michigan a "Petition for Warrant for Offender

---

[5] On November 1, 2007, the United States Sentencing Guidelines were amended to reduce by two levels the guidelines in Section 2D1.1 for cocaine base (also known as crack). Subsequently, the Commission amended Section 1B1.10 to make the crack amendment retroactive, effective March 3, 2008. This retroactivity produces the opportunity for offenders to file motions under 18 U.S.C. § 3582(c)(2) seeking sentence reductions.

[6] According to Michigan Department of Correction's "Offender Tracker," Petitioner is currently serving a term of probation that will discharge on February 3, 2012.

[7] Based upon a review of the record, it appears that Petitioner's term of supervised release began on January 2, 2009, and supervision commenced on March 2, 2009. *Easterling*, Case No. 2:09-cr-20333 (E.D.Mich. Mar. 15, 2010), Document Nos. 1 and 2.

Under Supervision." United States v. Easterling, Case No. 2:09-cr-20333 (E.D.Mich. Mar. 15, 2010), Document No. 2. The Petition indicated Petitioner violated the following terms and conditions of his supervised release: (1) "Violation of Mandatory Condition: The Defendant Shall Not Commit Another Federal, State, or Local Crime;" (2) "Violation of Standard Condition No. 1: The Defendant Shall Not Leave the District Without the Permission of the Court or Probation Officer;" and (3) "Violation of Standard Condition No. 2: The Defendant Shall Report to the Probation Officer and Shall Submit a Truthful and Complete Written Report Within the First Five Days of Each Month." Id. The District Court granted the Petition on October 6, 2009. Id. By Order entered on March 15, 2010, the District Court revoked Petitioner's term of supervised release and imposed a 15-month term of imprisonment "to be served concurrently to the State of Ohio sentence."[8] Id. Document No. 9. The District Court further ordered that "defendant shall be on supervised release for a term of 12 months. If the defendant is placed on supervision by the State of Ohio, federal supervision shall be terminated upon request by the Probation Department." Id.

## **DISCUSSION**

The undersigned finds that Petitioner's Section 2241 Application must be dismissed as moot. Article III, Section 2 of the United States Constitution provides that federal Courts may adjudicate only live cases or controversies. See Lewis v. Continental Bank Corp., 494 U.S. 472, 477, 110 S.Ct. 1249, 1253, 108 L.Ed.2d 400 (1990); Nakell v. Attorney General of North Carolina, 15 F.3d 319, 322 (4th Cir.), cert. denied, 513 U.S. 866, 115 S.Ct. 184, 130 L.Ed.2d 118 (1994). This means that the "litigant must have suffered, or be threatened with, an actual injury traceable to the defendant and likely to be

---

[8] Petitioner was arrested and charged with Possession of Drugs in Chillicothe, Ohio, on August 7, 2009, resulting in a violation of the Mandatory Condition and Standard Condition No. 1. Petitioner failed to report on August 31, 2009, resulting in the violation of Standard Condition No. 2. *Easterling*, Case No. 2:09-cr-20333 (E.D.Mich. Mar. 15, 2010), Document No. 9.

redressed by a favorable judicial decision." Id. In the context of a *habeas corpus* proceeding, the writ "does not act upon the prisoner who seeks relief, but upon the person who holds him in what is alleged to be unlawful custody." Braden v. 30th Judicial Circuit Court of Kentucky, 410 U.S. 484, 494-95, 93 S.Ct. 1123, 1129, 35 L.Ed.2d 443 (1973). In this case, by virtue of Petitioner's release from custody, the Respondent can no longer provide the requested relief.[9] Consequently, the Court can no longer consider Petitioner's Application under Section 2241.

> An incarcerated convict's (or a parolee's) challenge to the validity of his conviction always satisfies the case-or-controversy requirement, because the incarceration (or the restriction imposed by the terms of the parole) constitutes a concrete injury, caused by the conviction and redressable by invalidation of the conviction. Once the convict's sentence has expired, however, some concrete and continuing injury other than the now-ended incarceration or parole - - some "collateral consequence" of the conviction – must exist if the suit is to be maintained.

Spencer v. Kemna, 523 U.S. 1, 7, 118 S.Ct. 978, 983, 140 L.Ed.2d 43 (1998). Accordingly, Petitioner's claims are rendered moot by virtue of his release from custody and the absence of collateral consequences, and therefore, his Section 2241 Application must be dismissed. See e.g., Alston v. Adams, 178 Fed.Appx. 295, 2006 WL 1194751 (C.A.4 (Va.)); Alvarez v. Conley, 145 Fed.Appx. 428, 2005 WL 2500659 (C.A.4 (W.Va.); Smithhart v. Gutierrez, 2007 WL 2897942 (N.D.W.Va.).

## **PROPOSAL AND RECOMMENDATION**

Based upon the foregoing, it is therefore respectfully **PROPOSED** that the District Court confirm and accept the foregoing factual findings and legal conclusions and **RECOMMENDED** that the District Court **DISMISS** Petitioner's Application under 28 U.S.C. § 2241 for Writ of Habeas

---

[9] Petitioner was released from federal custody and began serving this term of supervised release on January 2, 2009. The undersigned notes that Petitioner's term of supervised release was revoked by Order entered on March 15, 2010. The Bureau of Prisons' Inmate Locator indicates Petitioner was again released from federal custody on April 10, 2011.

Corpus by a Person in State or Federal Custody (Document No. 1.) and **REMOVE** this matter from the Court's docket.

The Plaintiff is hereby notified that this "Proposed Findings and Recommendation" is hereby **FILED**, and a copy will be submitted to the Honorable United States District Judge Irene C. Berger. Pursuant to the provisions of Title 28, United States Code, Section 636(b)(1)(B), and Rule 6(e) and 72(b), Federal Rules of Civil Procedure, the Plaintiff shall have seventeen days (fourteen days, filing of objections and three days, mailing/service) from the date of filing of this Proposed Findings and Recommendation within which to file with the Clerk of this Court specific written objections identifying the portions of the Findings and Recommendation to which objection is made and the basis of such objection. Extension of this time period may be granted for good cause.

Failure to file written objections as set forth above shall constitute a waiver of de novo review by the District Court and a waiver of appellate review by the Circuit Court of Appeals. Snyder v. Ridenour, 889 F.2d 1363, 1366 (4th Cir. 1989); Thomas v. Arn, 474 U.S. 140, 155 (1985); Wright v. Collins, 766 F.2d 841, 846 (4th Cir. 1985); United States v. Schronce, 727 F.2d 91, 94 (4th Cir. 1984). Copies of such objections shall be served on opposing parties, District Judge Berger and this Magistrate Judge.

The Clerk of this Court is directed to file this "Proposed Findings and Recommendation" and to mail a copy of the same to counsel of record and to Petitioner,[10] who is acting *pro se*.

Date: June 23, 2011.

R. Clarke VanDervort
United States Magistrate Judge

---

[10] Petitioner is currently incarcerated at Allen Correctional Institution, 2338 North West Street, Lima, Ohio 45801.